**Melvin BROCK**

v.

**William ROBINSON et al.**

**Rayford SMITH**

v.

**William ROBINSON et al.**

**Civ. A. Nos. 72–555, 72–836.**

United States District Court,
W. D. Pennsylvania.

July 11, 1974.

George E. Schumacher, Pittsburgh, Pa., for plaintiffs Melvin Brock and Rayford Smith.

Stephen A. Zappala, County Solicitor, John G. Arch, Asst. County Solicitor, for defendants William Robinson and Officers of Allegheny County Jail.

Norman Paul Wolken, Pittsburgh, Pa., for defendants Deputy Sheriffs.

## OPINION

GOURLEY, Senior District Judge:

These Civil Rights proceedings were filed by plaintiffs pursuant to 42 U.S.C. A. § 1983, alleging that defendants' conduct toward plaintiffs constituted a deprivation of Constitutional rights. Because the matters complained of arose from the same incident, the Court consolidated both actions, and the parties have been afforded a full and complete trial.

Essentially, plaintiffs seek to recover damages for cruel and inhuman punishment to which they allegedly were sub-

ject at the hands of defendants on February 15, 1972. Plaintiffs were on this date temporary residents of the Allegheny County Jail, having been transferred there from the State Correctional Institution at Pittsburgh, Pennsylvania, for the purpose of Court proceedings in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania. A total of five inmates, including plaintiffs, was assembled in the upper circle portion of the jail, a round area the center of which is open to the ground floor. These inmates were demanding to be returned to the State Correctional Institution and, in the process of verbalizing their demands, created a substantial disturbance. The Warden was summoned to the scene, and he attempted to discuss the problems with plaintiffs. Plaintiff Smith had previously been restricted in his movements about the jail due to his reputation as an aggressive homosexual and recalcitrant killer. His presence in the area was a direct violation of the restriction imposed upon him.

Shortly after Warden Robinson arrived, plaintiffs and another of the five inmates began striking the Warden and attempted to throw him over the railing to the ground below, a distance of 15 to 20 feet. The assistance of other officers was required to quell what by this time had turned into an affray and near riot. The Warden directed that the alarm bell be rung to summon help from the Sheriff's Office in view of the substantial emergency which existed.

When the Sheriff's deputies arrived, the inmates and several guards were still fighting; defendant Lieutenant Jennings was down on the ground and was being beaten by one inmate, and it appeared that the inmates were in control of the situation. It is well to note that both plaintiffs here were subsequently convicted of assault by a prisoner and prison riot, as a result of their participation in the incident about which they now complain. All five inmates, including plaintiffs, were eventually subdued, placed in a van, and returned on the date of the incident to the State Correctional Institution at Pittsburgh, Pennsylvania.

Under the circumstances, the Court is satisfied that excessive force was not employed by defendants and that there was no violation of any of plaintiffs' Constitutional rights. Very simply stated, the force used was reasonably required to secure and maintain safety in the institution and to prevent any further outbreak of violence. As stated in Holt v. Hutto, 363 F.Supp. 194 (E.D. Ark.1973),

". . . [A]t times force has to be used by prison personnel on recalcitrant inmates, and (that) an inmate who has been the subject of force is not likely to concede that its use was necessary or that the amount used was reasonable. The Court also recognizes that an employee charged with improper use of force is not to be judged by hindsight but in the light of facts and circumstances as they reasonably appeared to him to exist at the time."

In view of the foregoing, it is the considered judgment of the Court that defendants have in no way violated plaintiffs' Constitutional rights.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.